UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LYDIA BYAM,

                                    Plaintiff,                          Docket No.:

                        -against-                                **COMPLAINT**

NEW YORK CITY DEPARTMENT                                          **JURY TRIAL DEMAND**
OF EDUCATION

                                    Defendant.
----------------------------------------------------------------X

Plaintiff, LYDIA BYAM ("Plaintiff"), by and through her attorneys, Ballon Stoll P.C.,

complaining of Defendant, NEW YORK CITY DEPARTMENT OF EDUCATION ("Defendant"

or "DOE"), alleges with personal knowledge, unless where upon information and belief is stated,

the following:

### INTRODUCTION

1.      This action seeks to remedy Defendant's intentional and unlawful discrimination

based on Plaintiff's religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

2000 *et seq.* ("Title VII").

### JURISDICTION AND VENUE

2.      This court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C.

§1331 and 42 U.S.C. §§ 2000-e5(f)(1), and 5(f)(3).

3.      As the Eastern District is the district where a substantial part of the events giving

rise to the claims occurred, venue is proper within this district pursuant to 28 U.S.C. § 1391 (b)(2).

4.      Plaintiff filed a timely Charge of Discrimination with the Equal Employment

Opportunity Commission ("EEOC") against Defendant on March 29, 2022, in which she alleged,

1

*inter alia*, that Defendant discriminated against Plaintiff on the basis of her religion and discriminatorily denied her a reasonable religious accommodation.

5.    On March 3, 2023, the EEOC issued a notice-of-right-to-sue letter under Title VII. The letter is annexed hereto as **Exhibit A**).

## PARTIES

*Plaintiff*

6.    Plaintiff resides in Brooklyn, County of Kings, State of New York.

7.    At all relevant times, and currently, Plaintiff has been a devout member of the Catholic religion.

8.    Plaintiff is a "person" within the meaning of Title VII.

9.    At all relevant times herein, Plaintiff was an "employee" of Defendant within the meaning of Title VII.

*Defendant*

10.    Defendant is a local government agency that operates the New York City public school system.

11.    At all relevant times, Defendant employed Plaintiff at one of its public school locations in Brooklyn, Kings County, New York.

12.    At all relevant times, Defendant had more than 500 employees.

13.    At all relevant times, Defendant was an "employer" within the meaning of Title VII.

## JURY DEMAND

14.    Plaintiff hereby demands a trial by jury in this action.

**FACTS**

15. Plaintiff was employed by Defendant as a Science Teacher, from on or about September 8, 2003, until on or about February 11, 2022, when Defendant discharged her from employment.

16. Plaintiff began her employment as a Science Teacher and continued in the same role until Defendant terminated her employment.

17. Throughout her employment by Defendant, Plaintiff managed ten (10) to twelve (12) classes by teaching Regents, General Science, and Special Education classes, ranging from 5th to 8th-grade middle school students, for approximately fifteen (15) years.

18. In March of 2020, Plaintiff contracted and then recovered from COVID-19, and was confirmed to have developed antibodies rendering her immune to the virus thereafter.

19. On or about September 27, 2021, Defendant notified Plaintiff that it would be requiring its employees to be fully vaccinated with the COVID-19 Vaccine, by October 3, 2021.

20. On or about September 28, 2021, Plaintiff submitted a request for religious exemption from being injected with the COVID-19 vaccine, based on her sincerely held religious beliefs and convictions about what substances she was allowed to put in her body.

21. Plaintiff sincerely held a religious belief that conflicted with Defendant's vaccination requirement. Specifically, at that point, and currently, it was (and is) well publicized that the vaccines were developed using aborted fetal cells in testing and/or production thereof. Plaintiff sincerely believed that abortion was prohibited by her religion and that injecting a vaccine into her body that was developed through the use of aborted fetal cell lining was prohibited by her religion.

22. Plaintiff could have been accommodated without causing Defendant an undue burden given Plaintiff's recent antibodies rendering her immune to the COVID-19 virus, the availability of non-vaccine safety procedures that had been deemed acceptable and effectively applied prior to the vaccine mandate, the COVID-19 virus's proven minimal danger in Plaintiff's work environment, and the vaccines' demonstrated ineffectiveness in actually preventing the spread of the COVID-19 virus.

23. Accordingly, Plaintiff requested a religious accommodation to Defendant's COVID-19 Vaccine Mandate on September 28, 2021. As part of this request, Plaintiff wrote:

> I am applying for an exemption to the Covid -19 vaccine mandate because of my beliefs as a born again Christian and Lay Leader of the Church of God of Prophecy located at 467 Rutland Road, Brooklyn, New York 11203. My body is God's temple as per 1 Cor 6:19 and 1 Cor 3:16, 17. I am a believer in pro-life and believe that any use of animals or fetal cell lining in testing or production of the vaccine goes against my belief and conscience, if I partake of it.

24. As part of this request letter, Plaintiff also embedded a screenshot demonstrating that she was listed as a religious Lay Leader for her Christian church.

25. However, this request was denied on or about September 29, 2021.

26. Instead, on or about October 4, 2021, Defendant placed Plaintiff on a leave of absence without pay followed by a notice of termination on about January 31st, 2022, and a final termination date of February 11, 2022.

27. Notably, this date of termination was the day *after* the New York City's vaccine mandate ended.

28. It would not have caused an undue hardship on the conduct of Defendant's business to grant Plaintiff the religious exemption.

29. Previously, during the September 2020 to June 2021 school year, Plaintiff had successfully followed extensive COVID-19 safety protocols, including: daily health screening;

wearing a face mask and shield while inside the school building; social distancing; conducting parent and student meetings remotely; conducting classroom observations remotely; conducting assessments and re-evaluations of students remotely; and weekly COVID-19 testing once the vaccine mandate was announced. Importantly, Plaintiff was able to perform her job duties via remote work arrangements. All of these precautions were deemed adequate to mitigate the risk of catching or transmitting COVID-19.

30.     It would not have caused an undue hardship to allow Plaintiff to continue to follow these or similar precautions – including but not limited to remote work arrangements – in lieu of the mandatory COVID-19 vaccination policy.

31.     There were news reports that Defendant granted hundreds of exemptions to the mandatory COVID-19 vaccination policy. Since other teachers were granted exemptions, it would not have caused an undue hardship to grant Plaintiff an exemption.

32.     The Centers for Disease Control and Prevention ("CDC") has acknowledged that vaccinations or injections available for COVID-19 did not prevent transmission, infection, or reinfection in those who receive them.

33.     The CDC Director publicly stated that the injections do not prevent infection or transmission of SARS-CoV-2, which is the virus that has been identified by various public health agencies as causing the disease known as COVID-19.

34.     The CDC acknowledged that the "vaccinated" and "unvaccinated" were equally likely to spread the virus.

35.     Moreover, New York State, in its aggressive efforts designed to curb the spread of COVID-19 throughout the state, nevertheless provided public school staff/employees the option of either getting vaccinated or, alternatively, getting tested weekly.

36. Furthermore, the CDC had already reported extensively on how the relative risk of hospitalization and death due to COVID-19 was significantly greater among persons in the seventy-five (75) to eighty-four (84) and eighty-five plus (85+) age groups. In other words, the persons at greatest risk of becoming seriously ill or dying from COVID-19 were the least likely to be encountered by Plaintiff in her workplace.

37. Middle school students were in the age group with the lowest risk of becoming seriously ill or dying from COVID-19

38. It may be inferred that Defendant's refusal to grant Plaintiff any kind of religious exemption—despite Plaintiff's demonstrating her sincere religious beliefs that she was religiously prohibited from injecting vaccines developed through the use of aborted fetal cell lining into her body and given, *inter alia*, Plaintiff's antibodies, the availability of non-vaccine safety procedures that had been deemed acceptable and effectively applied prior to the vaccine mandate, the COVID-19 virus's minimal danger in Plaintiff's work environment, and the vaccines' demonstrated ineffectiveness in actually preventing the spread of the COVID-19 virus—constituted discrimination against Plaintiff on the basis of her religion.

39. This entire experience has caused Plaintiff significant mental and emotional distress and financial hardship.

**FIRST CAUSE OF ACTION**
**Discrimination Based Upon Religion in Violation of Title VII**

40. Plaintiff hereby repeats, re-alleges, and incorporates each and every allegation contained in the above paragraphs of this Complaint as though fully set forth in this paragraph of the Complaint.

41. At all relevant times, Defendant was an "employer" within the meaning of Title VII of Title VII.

42. At all relevant times, Plaintiff was a "person" and "employee" within the meaning of Title VII.

43. The discriminatory actions of Defendant were invidious and repugnant.

44. Defendant discriminated against Plaintiff on the basis of her religion (Christian) in violation of Title VII by denying her request for a reasonable religious exemption to the mandatory COVID-19 vaccination policy and terminating her employment,

45. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer monetary and/or economic harm, including, but not limited to, loss of income, for which she is entitled to an award of monetary damages and other relief, including, but not limited to, lost earnings, attorneys' fees, and expenses.

46. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish, and emotional distress, and loss of quality of life.

47. Defendant's discriminatory actions in violation of Title VII were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's civil rights, for which she is entitled to an award of punitive or exemplary damages.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant awarding Plaintiff compensatory and punitive damages for lost income, attorneys' fees, emotional distress, and loss of quality of life.

1. On the First Cause of Action, judgment against Defendant in compensatory and punitive damages, in an exact amount to be determined at trial; and

2.      That Plaintiff have such other, further, and different relief as the Court deems just, proper, and equitable in the circumstances, together with interest on all Causes of Action, attorney's fees, and costs and disbursements in this action.

Dated: New York, New York
        May 30, 2023

                                          BALLON STOLL P.C.

                                          By:      *s/Marshall Bellovin*
                                                   Marshall B. Bellovin, Esq. (MB5508)
                                                   *Attorneys for Plaintiff*
                                                   810 Seventh Avenue, Suite. 405
                                                   New York, New York, 10019
                                                   212-575-7900