UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYDIA BYAM,<br><br>                          Plaintiff,<br><br>                   v.<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                          Defendant. | **MEMORANDUM & ORDER**<br>23-CV-03999 (HG) |

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff Lydia Byam was a teacher employed by Defendant the New York City Department of Education ("DOE"), which, pursuant to a City public health order, mandated that all DOE staff provide proof of vaccination against COVID-19. Plaintiff declined to be vaccinated, claiming that to do so would violate her religious beliefs. When she instead sought religious accommodations, Defendant denied them, placed her on unpaid leave, and eventually fired her. Plaintiff claims that was religious discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. Because genuine issues of material fact remain in determining whether Plaintiff's requested accommodations would have imposed an undue hardship on Defendant, the Court previously denied Defendant's motion for summary judgment, and set a date for trial. *See* Sept. 12, 2024, Text Order. The Court now writes to explain the basis for its decision.

## BACKGROUND

      The Court only briefly summarizes the facts necessary for resolution of the instant motion. Plaintiff was a science and math teacher employed by Defendant from August 2003

through February 2022. ECF No. 26-2 ¶ 2 (Plaintiff's Rule 56.1 Counterstatement).[1] After the onset of the COVID-19 pandemic, in March 2020, DOE teachers and students started to participate in remote instruction. *Id.* ¶ 29. Later, during the 2020-2021 school year, Plaintiff had an accommodation that allowed her to teach remotely, even after other teachers and some students had returned to school in person. *Id.* ¶¶ 16–18. At that time, Plaintiff taught eight classes with hundreds of students. *Id.* ¶ 7. Some were special education students. *Id.* ¶ 10.

When the 2021-2022 school year started, Plaintiff returned to work in person. *Id.* ¶ 30. On September 15, 2021, the New York City Commissioner of Health and Mental Hygiene issued an order mandating, *inter alia*, that "DOE staff must provide proof of vaccination to the DOE" by September 27, 2021. ECF No. 24-3 at 3 (DOHMH Order). The City's mandate further required others working in DOE facilities to provide proof of vaccination to their employer and for visitors to DOE school buildings to provide proof of vaccination before entering. *Id.* at 3–4. It also provided that "[n]othing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law." *Id.* at 5.

Like thousands of other DOE teachers, Plaintiff submitted requests for religious accommodations from the mandate (although the parties dispute exactly when she submitted her two requests). ECF No. 26-2 ¶¶ 40–41. One request contained no detail concerning the vaccine. ECF No. 24-5 at 2–9 (Accommodation Requests). The second request explained that Plaintiff is a "born again Christian" and that she is a "believer in pro-life and believe[s] that any use of animals or fetal cell lining in testing or production of the vaccine goes against [her] belief and conscience." *Id.* at 10–11. The DOE denied her requests and sent her emails stating:

---

[1]  The Court refers to the pages assigned by the Electronic Case Files system ("ECF"). The Court recites facts from Plaintiff's Rule 56.1 counterstatement to the extent those facts are undisputed by the parties and incorporates their references to the record.

> Your application has failed to meet the criteria for a religious based accommodation.  Per the Order of the Commissioner of Health, unvaccinated employees cannot work in a Department of Education (DOE) building or other site with contact with DOE students, employees, or families without posing a direct threat to health and safety.  We cannot offer another worksite as an accommodation as that would impose an undue hardship (i.e. more than a minimal burden) on the DOE and its operations.

ECF No. 24-6 at 2–3 (DOE Denials); ECF No. 26-2 ¶ 46.  On October 1, 2021, Defendant notified Plaintiff that "non-compliant employees will be placed on leave without pay" as of October 4, 2024.  ECF No. 24-9 at 2 (DOE Email).  On that date, Defendant placed Plaintiff on an unpaid leave of absence.  *See* ECF No. 26-2 ¶ 50.  Then, on February 15, 2022, Defendant informed Plaintiff that she had been terminated due to her noncompliance with the mandate.  ECF No. 26-8 (DOE Ltr.).

Plaintiff sued the DOE on May 30, 2023.  ECF No. 1.  Defendant filed its motion for summary judgment on January 18, 2024.  ECF No. 23; ECF No. 25 (Defendant's Memorandum; "Mot.").  Plaintiff opposed on March 1, 2024.  ECF No. 26 (Plaintiff's Memorandum; "Opp.").  Defendant filed a reply on March 18, 2024.  ECF No. 28 ("Reply").

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In other words, a court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).[2]  The moving party has the burden of demonstrating that there is no genuine issue of material fact.

---

[2]   Unless noted, case law quotations in this Order accept all alterations and omit internal quotation marks, citations, and footnotes.

3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). When deciding a summary judgment motion, any ambiguities and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *LaFond v. Gen. Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995). "In reviewing the evidence and the inferences that may reasonably be drawn, [the Court] may not make credibility determinations or weigh the evidence. . . . Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Proctor v. LeClaire*, 846 F.3d 597, 607–08 (2d Cir. 2017).

## DISCUSSION

"Title VII makes it unlawful for an employer 'to discharge . . . or otherwise to discriminate against any individual' in his or her employment 'because of such individual's . . . religion.'" *See Does 1–2 v. Hochul*, 632 F. Supp. 3d 120, 144 (E.D.N.Y. 2022) (quoting 42 U.S.C. § 2000e-2(a)(1)). To establish a *prima facie* case of religious discrimination for failure to accommodate, the plaintiff must show that (1) she held a "bona fide religious belief conflicting with an employment requirement"; (2) she informed her employer of this belief; and (3) she was "disciplined for failure to comply with the conflicting employment requirement." *See Knight v. Conn. Dep't of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001); *accord D'Cunha v. Northwell Health Sys.*, No. 23-476, 2023 WL 7986441, at *2 (2d Cir. Nov. 17, 2023). If the plaintiff successfully presents a *prima facie* case, "the burden then shifts to the employer to show it could not accommodate the employee['s] religious beliefs without undue hardship." *Knight*, 275 F.3d at 167; *see also Beickert v. N.Y.C. Dep't of Educ.*, No. 22-cv-5265, 2023 WL 6214236, at *2

4

(E.D.N.Y. Sept. 25, 2023) (citing *Knight* and explaining that a "modified" inquiry applies to failure to accommodate claims).

Plaintiff claims that COVID-19 prevention protocols in use before the vaccine mandate came into effect, such as wearing a face mask, weekly testing, and remote teaching, were reasonable accommodations that did not present an undue hardship to the DOE. ECF No. 1 ¶¶ 29–30 (Complaint); Opp. at 9. Accordingly, Plaintiff argues that Defendant violated Title VII by refusing to grant her these accommodations in lieu of vaccination. ECF No. 1 ¶ 44. Defendant's sole argument for summary judgment relates to undue hardship. Mot. at 11.

The Supreme Court recently clarified that a proposed accommodation represents an undue hardship when it poses "a burden [that] is substantial in the overall context of an employer's business." *Groff v. DeJoy*, 600 U.S. 447, 468 (2023). "[A]n employer must show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business." *Id.* at 470. That requires the Court to perform a "fact-specific inquiry" and "take[] into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size, and operating cost of an employer." *Id.* at 468, 470–71.

These legal standards preclude the Court from granting summary judgment in this case. Defendant argues that granting the proposed accommodation of allowing Plaintiff to work remotely would have created an undue hardship. Mot. at 17. It says that allowing Plaintiff to work remotely would have created cascading issues, as it would have rendered Plaintiff "unable to perform many essential functions of her job as an in-person middle school science teacher[,] . . . including ensuring student safety and wellness, preparing her classroom for lessons, and monitoring students inside and outside of class." *Id.* It emphasizes that, at the time the mandate was in effect, the DOE had "returned to fully in-person instruction." *Id.* at 18. Plus,

5

it says, if Plaintiff was not in the classroom, the DOE would have needed "to assign other employees to monitor Plaintiff's students *every single day*, the equivalent of hiring a full-time employee." *Id.* at 17.  And because Plaintiff taught special education students, the in-person presence of a teacher was especially important.  *Id.* at 18.

Those arguments concerning the hardship of remote work are convincing, but they are for the factfinder, not me.  To be sure, I have previously found an undue hardship to exist at summary judgment when a teacher (subject to a different mandate) sought to perform remote work and her proposed accommodation "included a request that [the] [d]efendant cut back on her job responsibilities to accommodate [such] work."  *See Russo v. Patchogue-Medford Sch. Dist.*, No. 22-cv-01569, 2024 WL 149131, at *6 (E.D.N.Y. Jan. 12, 2024).  In addition, in that case, the defendant "hired a temporary employee to cover [the] [p]laintiff's job and paid that employee a salary of more than $68,000," and the plaintiff "offered no evidence to rebut the fact that incurring that additional cost was substantial in the overall context of [the] [d]efendant's business."  *Id.*  Those facts do not map onto this case.  To the contrary, this record teems with contested material facts about the nature of Plaintiff's job responsibilities and how remote work fit into DOE's business at this time.  For example, Defendant argues that Plaintiff had to physically set up experiments, while Plaintiff says that she was still conducting virtual experiments due to the number of students who remained at home, even during the 2021-2022 school year.  ECF No. 26-2 ¶ 22; ECF No. 26-10 at 76:7–78:14.  Indeed, Plaintiff testified that during the 2021-2022 school year, only 40 to 50 percent of students attended school in person.  ECF No. 26-10 at 52:11–19.  Furthermore, the parties disagree about how much additional or rearranged in-person coverage would have been required had Plaintiff been permitted to teach remotely at her own school or elsewhere.  ECF No. 26-2 ¶ 28; ECF No. 26-10 at 84:7–19.  On this record, the Court simply cannot conclude as a matter of law that allowing Plaintiff to work

remotely would have led to "substantial increased costs in relation to the conduct of [DOE's] particular business." *Groff*, 600 U.S. at 470.³

Defendant also argues that the proposed accommodations of "mask[ing] and/or submit[ting] to weekly testing" would have imposed an undue hardship. Mot. at 11. Specifically, it argues that (1) "allowing an unvaccinated adult to enter a public school building would place Defendant in violation of [the] order" imposing the vaccine mandate and (2) "Plaintiff's presence as an unvaccinated individual posed a danger to the safety and health of Plaintiff's students and coworkers." *Id.* at 11–12. Defendant's first argument gets the law wrong. By now, it is well-established that an employer is subjected to an undue hardship where granting the proposed religious accommodation would cause the employer to violate the law and "expos[e] itself to potential penalties." *See Russo*, 2024 WL 149131, at *6 (citing *D'Cunha*, 2023 WL 7986441, at *3). And the vaccine mandate at issue here undoubtedly required Plaintiff to "provide proof of vaccination to the DOE." ECF No. 24-3 at 3. But it also said that "[n]othing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law." *Id.* at 5. Thus, as I have previously explained, "[u]nlike the line of cases concerning the now-repealed Section 2.61 of the New York Administrative Code, which did not provide for religious exemptions, the . . . Order in this case contemplates just that." *See Vasquez*

---

³ Defendant also urges the Court to consider the "compounded" effect of granting Plaintiff this accommodation, arguing that "thousands of DOE employees sought accommodations" and "DOE could not grant teachers' requests to work remotely without fundamentally changing the nature of educational services it offers to the children in its care." Mot. at 19–20. I assume for the sake of argument that Title VII permits the consideration of such aggregate effects. *See Lavelle-Hayden v. Legacy Health*, No. 22-cv-01752, 2024 WL 3822712, at *10–11 (D. Ore. Aug. 14, 2024). The problem for Defendant is that it points to no evidence demonstrating why allowing Plaintiff to work remotely would have necessarily meant that it needed to grant the same accommodation to "thousands" of other teachers, and I would need to draw an impermissible inference in Defendant's favor to conclude otherwise. *Cf. id.* at *11 (considering aggregate effects where "multiple plaintiffs all had direct, in-person contact with patients and coworkers and requested the same accommodation").

7

*v. City of New York – Off. of the Mayor*, No. 22-cv-5068, 2024 WL 1348702, at *7 (E.D.N.Y. Mar. 30, 2024) (interpreting nearly identical language in an order applicable to New York City firefighters in denying the City's motion to dismiss a Title VII failure to accommodate claim).[4] Accordingly, if Title VII (or some other law) required Defendant to allow Plaintiff to teach in-person, unvaccinated but with some other accommodation in place, so accommodating her would not, by the mandate's own terms, have caused the DOE to violate the law.[5]

Alternatively, Defendant argues that granting these in-person accommodations would have imposed an undue hardship because "Plaintiff's presence as an unvaccinated individual would have presented an unacceptable risk to the health and safety of her colleagues and students." Mot. at 6. Undoubtedly, "safety within any work environment, especially an educational work environment, is of absolute importance," and must inform the analysis under *Groff*. *See Beickert*, 2023 WL 6214236, at *5; *see also Chavez v. S.F. Bay Area Rapid Transit Dist.*, No. 22-cv-06119, 2024 WL 3334741, at *11 (N.D. Cal. Mar. 18, 2024) ("*Several* post-*Groff* decisions have held that an employer can establish undue hardship by showing that accommodation posed a health and safety risk to other employees . . . . ."). And Defendant's claim is weighty given the extraordinary circumstances under which it made its hardship

---

[4] This case is thus distinct from *Russo*, where the plaintiff objected both to COVID-19 testing and vaccination in the face of a different mandate requiring one or the other, and not providing for any religious exemptions at all. *See Russo*, 2024 WL 149131, at *5.

[5] Defendant also argues that allowing Plaintiff to remain unvaccinated would have violated an arbitration agreement between the DOE and Plaintiff's union. Reply at 11–12. The Court declines to entertain that substantive argument raised for the first time on reply. *See United States v. Fayton*, 704 F. Supp. 3d 449, 453 (S.D.N.Y. 2023). Even if it did, Defendant selectively reads the agreement, which provides, among other things, that employees who received a "religious exemption" "may be assigned to work outside of a school building (e.g., at DOE administrative offices)." ECF No. 24-10 at 14. Accordingly, the Court is not convinced that granting Plaintiff one of her desired accommodations would have violated the arbitration agreement, much less broken the law, which was the red line recognized in *D'Cunha*.

determinations. *See Lavelle-Hayden*, 2024 WL 3822712, at *10 ("[A]n employer is permitted to draw conclusions based on evidence and information that was available at the time.").

That being said, here, Defendant has not carried its burden to demonstrate that granting Plaintiff's accommodation requests would have, as a matter of law, created an undue hardship. Because Defendant must prove undue hardship at trial, *see Knight*, 275 F.3d at 167, it must now "demonstrate[e] why the record is so one-sided as to rule out the prospect of the nonmovant prevailing," regardless of whether Plaintiff has come forward with any contradictory evidence, *see* 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2727.1 (4th ed., June 2024 update). On this count, Defendant falls far short. In its motion, Defendant does nothing to demonstrate its contemporaneous rationale for denying the religious accommodation requests other than to point to various pieces of inadmissible evidence about the risks of COVID-19 and the efficacy of the COVID-19 vaccine. *Compare* Mot. at 13–17 (citing materials outside the record from the Centers for Disease Control and Prevention, the National Institutes of Health, and *The New York Times*), *with Lavelle-Hayden*, 2024 WL 3822712, at *11–14, *17 (in granting summary judgment on the undue hardship defense, analyzing the defendant's "abundant, unrefuted evidence of COVID-19's effect on [its] patients, employees, and ability to fulfill [its] mission," including expert epidemiological evidence). Defendant also asks the Court to take judicial notice "of the likely risks and severity of COVID-19 and the potential efficacy of mitigation measures." Mot. at 13. But even were the Court to do so and to accept all of Defendant's other arguments on this point, it would still need to draw a liability-defeating inference against Plaintiff to arrive at the conclusion that each of Plaintiff's proposed accommodations would have created an undue hardship for Defendant in this "context-specific application." *Groff*, 600 U.S. at 470–71, 473 ("[C]ourts must apply the [undue hardship] test in a manner that takes into account all relevant factors[,] . . . including the particular accommodations

9

at issue . . . ."); *cf. City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 288 (S.D.N.Y. 2013) ("In short, while the Court can take judicial notice of the fact that the Company's industry suffered reversals, the Court cannot take judicial notice of the impact of those industry-wide reversals on the Company."). Defendant fails to take that necessary inferential step, and it exceeds my authority on summary judgment to make that leap for it. *LaFond*, 50 F.3d at 171.

*     *     *

Today's decision is narrow. In denying Defendant's motion for summary judgment, the Court has not decided any issue; rather, it merely has found genuine issues of material fact for trial. *See id.* It is ultimately the jury's "exclusive role" to find the facts on which Title VII liability will rise and fall. *Palin v. N.Y. Times Co.*, No. 22-558, 2024 WL 3957617, at *9 (2d Cir. Aug. 28, 2024).

## CONCLUSION

For the reasons explained herein, Defendant's motion for summary judgment is denied. This case shall proceed to trial in accordance with the Court's September 12, 2024, Text Order.

SO ORDERED.

                                            */s/ Hector Gonzalez*
                                            HECTOR GONZALEZ
                                            United States District Judge

Dated: Brooklyn, New York
       September 16, 2024