UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LYDIA BYAM,

                Plaintiff,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION,

                Defendant.

**MEMORANDUM & ORDER**
23-CV-03999 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Defendant the New York City Department of Education ("DOE") seeks reconsideration of this Court's Order denying its motion for summary judgment. ECF No. 32-1 ("MTR"). Because the DOE's motion identifies no controlling law or other facts previously overlooked by the Court, its motion is denied.

## BACKGROUND

The Court assumes familiarity with the case's factual background. On September 16, 2024, the Court issued an order explaining its denial of the City's motion for summary judgment. *See Byam v. DOE*, No. 23-cv-03999, 2024 WL 4198475 (E.D.N.Y. Sept. 16, 2024).[1] The Court rejected the DOE's one argument on summary judgment that accommodating Plaintiff in lieu of her receiving a COVID-19 vaccination would have constituted an "undue hardship" under Title VII, as interpreted by *Groff v. DeJoy*, 600 U.S. 447 (2023). *Byam*, 2024 WL 4198475, at *4. It explained that while the DOE presented some "convincing" arguments, it nevertheless failed to

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

carry its burden on summary judgment to show undue hardship under *Groff*'s "fact-specific inquiry." *Id.* at *3. The DOE now seeks reconsideration of that Order, which Plaintiff opposes. *See* ECF No. 35 (Opp'n).

## LEGAL STANDARD

Local Civil Rule 6.3 requires a party moving for reconsideration to "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Under the rule, "[t]he standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *See Johnson v. Cnty. of Nassau*, 82 F. Supp. 3d 533, 535–36 (E.D.N.Y. 2015) (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)). "[A] motion for reconsideration is not a vehicle for presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *See Davidson v. Scully*, 172 F. Supp. 2d 458, 464 (S.D.N.Y. 2001); *see also Vasquez v. City of New York – Off. of the Mayor*, No. 22-cv-05068, 2024 WL 1886656, at *3 (E.D.N.Y. Apr. 30, 2024) ("[M]erely asserting that the Court missed the 'crux' of the argument . . . does not give [a party] permission to start from scratch after receiving an unfavorable decision."). In other words, "a party may not advance new facts, issues or arguments not previously presented to the court." *See Mina Inv. Holdings Ltd. v. Lefkowitz*, 184 F.R.D. 245, 250 (S.D.N.Y. 1999).

## DISCUSSION

Against the backdrop of the strict standards for reconsideration, the Court easily denies the DOE's motion, which largely repeats losing arguments from summary judgment.

First, the DOE argues that the Court should take "judicial notice" of the fact that COVID-19 is a dangerous disease, COVID-19 presents a high risk to people with certain preexisting

2

conditions, and that "vaccination is the best tool for reducing transmission of and preventing serious illness from COVID-19." MTR at 8, 10. The DOE previously asked the Court to do this, and the Court explained that "even were the Court to do so . . . it would still need to draw a liability-defeating inference against Plaintiff to arrive at the conclusion that each of Plaintiff's proposed accommodations would have created an undue hardship for Defendant in this 'context-specific application.'" *Byam*, 2024 WL 4198475, at *4 (quoting *Groff*, 600 U.S. at 470–71, 473). Here, the DOE again does not prove, as a matter of law, how accommodating Plaintiff—especially as it relates to Plaintiff's request to work remotely—rose to the level of undue hardship in this particular instance. It thus continues to pay short shrift to *Groff*'s command.[2]

Relatedly, the DOE contends that "Plaintiff could not perform the essential responsibilities of a classroom teacher while working remotely." MTR at 13. As above, that may be true as a general matter, but as the Court already explained, there remain many "contested material facts about the nature of Plaintiff's job responsibilities and how remote work fit into DOE's business *at this time*," including that many students continued to participate in remote instruction during the period in which Plaintiff sought an accommodation. *See Byam*, 2024 WL 4198475, at *4 (emphasis added). The DOE's efforts to paint with broad strokes about Plaintiff's "essential function[]" of, for example, "ensuring student safety and wellness," remains insufficiently sensitive to the particular circumstances of this case.[3] MTR at 13.

---

[2]    Sometimes, that is explicit. For example, the DOE points to authority holding that an accommodation requested by a teacher "present[ed] more than a *de minimis*" cost and therefore represented an undue hardship. MTR at 11. But that authority predates *Groff*, and the *de minimis* standard has been "rejected." *D'Cunha v. Northwell Health Sys.*, No. 23-476, 2023 WL 7986441, at *2 (2d Cir. Nov. 17, 2023).

[3]    On this point, the DOE breathlessly asserts that "the Court's decision also overlooked Defendant's argument that as a teacher with special education students, Plaintiff's in-person presence . . . would have been paramount." MTR at 13–14 (quotation omitted). But the Court

3

The DOE also claims that accommodating Plaintiff would have presented an undue hardship because "she fails to identify a specific open position for which she is qualified." *Id.* at 14–15 (quotation omitted). But all its authority comes from Americans with Disabilities Act jurisprudence, not Title VII. To be sure, in the failure-to-promote context, a Title VII plaintiff must show that she applied for and was rejected from a specific position. *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998). However, the DOE points to no authority imposing such a requirement on a failure-to-accommodate plaintiff, and reconsideration is an inappropriate posture in which to innovate. *See Davidson*, 172 F. Supp. 2d at 464. More basically, the DOE's argument suggests a deeper misunderstanding. After all, *it* is the one who carries the burden on undue hardship at trial. *Byam*, 2024 WL 4198475, at *4.

Relatedly, the DOE again says that "the Court should consider the impact of thousands of similar requests for accommodations which Defendant received at the same time as Plaintiff's request." MTR at 9–11. Again, the DOE already asked the Court to do that, and the Court explained that even if "Title VII permits the consideration of such aggregate effects," the DOE "point[ed] to no evidence demonstrating why allowing Plaintiff to work remotely would have necessarily meant that it needed to grant the same accommodation to 'thousands' of other teachers." *Byam*, 2024 WL 4198475, at 3 n.3. The DOE still fails to do that with record evidence, so there is nothing to reconsider. *See Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016) ("The provision for reargument is not designed to allow for wasteful repetition of arguments already briefed, considered, and decided.").

---

already considered that argument. *See Byam*, 2024 WL 4198475, at *1, *3. The same is true with respect to the DOE's repetitive argument about staffing concerns. *See id.* at *3. On this thin and contested record, the Court is still unable to conclude that these points establish undue hardship as a matter of law. Of course, they may nevertheless persuade the factfinder.

4

Next, the DOE recycles its argument that "allowing Plaintiff to teach in-person while unvaccinated" would violate the law. MTR at 11–12. The Court previously explained how the at-issue mandate said that "[n]othing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law." *See Byam*, 2024 WL 4198475, at *4 (comparing this mandate with others). The DOE now points to language in the mandate which provided that all "visitors" to school buildings were required to show proof of vaccination and that a vaccination mandate "will potentially save lives, protect public health, and promote public safety." MTR at 11 (quoting ECF No. 24-3 at 3–4). On this basis, it asks the Court to "give effect" to these provisions by concluding that allowing in-person teaching while unvaccinated would have violated the mandate. *Id.* Again, the DOE appears impervious to Plaintiff's request to work remotely. But more generally, its invitation is startling, as accepting it would require the Court to ignore the mandate's explicit language dictating how it is to be construed. *See Byam*, 2024 WL 4198475, at *4. The City could have written the mandate differently, but it did not,[4] and this federal Court lacks authority to step into the shoes of the City's health commissioner to rewrite it now. *See generally S. Bay United Pentecostal Church v. Newsom*, 141 S. Ct. 716, 716 (2021) (Roberts, C.J., concurring) ("[F]ederal courts owe significant deference to politically accountable officials with the background, competence, and expertise to assess public health.").

Finally, the DOE reasserts that allowing the "presence of unvaccinated teachers in schools" would have violated an arbitration agreement between the DOE and Plaintiff's union. MTR at 12. The Court already rejected the same argument on the basis that the DOE "selectively read[]" the agreement, which provided "that employees who received a 'religious

---

[4] *See Maniscalco v. DOE*, 563 F. Supp. 3d 33, 37 & n.1 (E.D.N.Y. 2021) (explaining that the accommodation language was added after a state court temporarily restrained the enforcement of a prior version).

5

exemption' 'may be assigned to work outside of a school building (e.g., at DOE administrative offices).'" *See Byam*, 2024 WL 4198475, at *4 n.5 (quoting ECF No. 24-10 at 14).  Here, the DOE's sole suggestion is that Plaintiff failed to identify a "specific open position" outside of a school building and thus, so the argument goes, the DOE would have been left with no choice but to retain her in an in-school role and violate the agreement by allowing an unvaccinated teacher into a school.  MTR at 12, 14.  The Court rejects that tortured view.  As discussed above, the DOE has not demonstrated that Plaintiff generally carries such a burden under Title VII, nor does it highlight anything in the union agreement demanding as much.  Further, recall that the agreement also applied to DOE employees who received medical exemptions from the vaccine mandate.  ECF No. 24-10 at 14.  Under the DOE's interpretation, those employees, too, would have been prohibited from entering school buildings.  MTR at 12.  But it cannot seriously be the DOE's good-faith position that remote work for teachers receiving medical exemptions categorically presented an undue hardship to the DOE, or that they were required to identify "specific open position[s]" for themselves to maintain employment.  *See id.* at 12, 14.  Such a requirement would be, at a minimum, inconsistent with the very purpose of the agreement.  On this second time around, the City's position on this issue has become less convincing.

## CONCLUSION

The DOE's motion for reconsideration is an improper attempt to relitigate issues from summary judgment.  It is therefore denied.  This case shall proceed to trial.

SO ORDERED.

                                           */s/ Hector Gonzalez*
                                           HECTOR GONZALEZ
                                           United States District Judge

Dated: Brooklyn, New York
       October 16, 2024